## M. D. LEVY *v.* S. ULLMAN & Co.

Exceptions to Depositions—Trial.
> Exceptions to depositions made in the trial court, and which are not disposed of by the chancellor, are presumed to have been waived.

Fraudulent Conveyance—Attachment—Preferred Creditors.
> Where the evidence conduces to prove the fraud, transfer of property for the purpose of preferring creditors, and the willful appropriation of the assets of a defendant to his own personal use, at a time when he was fully aware of his insolvency, it will justify an attachment by

the creditors and the decree of the chancellor setting aside such fraudulent transfers of property by defendant, will not be disturbed.

Acts of the Legislature Repealed—Effect or Statutes in Force.
   The repeal of an Act of the Legislature will not affect existing suits, commenced under jurisdiction of officers of the court created by such Act.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV.

May 25, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

An elaborate discussion of the questions mooted by counsel could not perhaps be made interesting, and would not in the end prove more satisfactory than a brief statement of the points involved with the conclusion reached and some of the prominent facts and reasons therefor.

It is shown by the evidence that up to a short time before the commencement of the proceedings against appellant that he had considerable means in his hands, consisting in goods, notes, and other evidences of debts owing to him, and money; these means or a large portion of them rapidly disappeared, while his indebtedness was not materialy, or proportionately diminished, some of his evidences of debts owing him were controverted into cash, and the money not accounted for; there is the transaction of which Barrett speaks whereby the money on a bill of exchange for $2,550 was realized by a sale of the bill to the bank of Kentucky, and proceeds drawn by appellant some month or six weeks before these proceedings were instituted. And Reedhard proves that he frequently had considerable sums of money deposited on the bank of the German Insurance Company previous to appellees' attachments being sued out; since then he has had no money there. Other sufficient facts may be referred to. Appellant sent goods from Louisville to Vicksburg, Miss., in the early part of the fall 1866, not to a very great amount, and effected an insurance upon them at $40,000 when Weiskoff, who was acquainted with the business, and value of such goods, estimated their true worth when he saw them soon after the insurance was effected at $10,000, this witness proves, about the last of October, 1866, appellant sold a large quantity of his goods at wholesale, and when he was doing so the witness remonstrated, and told him he had better do a retail busi-

ness and he replied it was no business of his, not to speak to him. That he was charged by one of his clerks in the presence of the witness of wanting *"to go crooked"* himself, and endeavoring to get every one doing business for him to walk in the same crooked paths, and warned him that he had not sense enough to make a successful journey on that line, and he did not deny the charge.

On another occasion when in conversation with Harris about his household furniture, he said he had gotten his brother-in-law to attach it *"so as* to keep his other creditors from attaching it and he would bid it in for him," and that he was glad his Louisville creditors had attached his property there as he would not have enough to pay all his creditors, he preferred that they should be paid.

These with other facts that appear in the record and might be named conduce strongly to the conclusion that a portion of the means of appellant which should have been applied to the satisfaction of his debts, were otherwise disposed of to evade the payment of his existing liabilities.

As the exceptions to depositions were not disposed of by the chancellor, it must be presumed they were waived.

By the 11th section of the Act *approved 23d December* 1861. It is provided that "All orders for attachments under this act, *or any other law* may hereafter be made, and granted by any judge of a circuit, or county court, or by the *Clerk of the Court,* or justice of the peace from whose office such attachment shall issue."

This statute which conferred authority on the Clerk to make the order for the attachment, was not repealed when the order in this case was made.

Upon a review of the case no error prejudicial to appellant has been found. Wherefore, the judgment of the chancellor is affirmed.

*Kinkead & Fairleigh, Speed, for appellant.*

*Dembitz, Joseph, Bijur, for appellee.*